IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| ANTRELL A. TEEN, | ) |  |
|---|---|---|
|  | ) |  |
| **Plaintiff,** | ) |  |
|  | ) |  |
| vs. | ) | Case No. 17-cv-00929-JPG |
|  | ) |  |
| M. LAZANTE | ) |  |
| and SGT. COOK, | ) |  |
|  | ) |  |
| **Defendants.** | ) |  |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Antrell Teen, who is currently detained at St. Clair County Jail ("Jail") in Belleville, Illinois, filed a civil rights action *pro se* pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights at the Jail. *See Teen v. St. Clair Cnty. Jail*, No. 17-cv-594-JPG (S.D. Ill.) ("original action"). The Court severed the claims in the original action into three new cases pursuant to *George v. Smith*, 507 F.3d 605 (7th Cir. 2007). (Doc. 1). The instant case addresses a single claim ("Count 8") against Officer Lazante and Sergeant Cook for subjecting Plaintiff to unconstitutional conditions of confinement at the Jail. (Doc. 1, p. 7; Doc. 2, p. 6). In connection with this claim, Plaintiff seeks declaratory judgment and monetary relief against the defendants. (Doc. 2, p. 7).

This severed case is now subject to preliminary review pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

1

> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). Count 8 survives screening under this standard and shall receive further review.

## **The Complaint**

According to the allegations in the Complaint, Plaintiff was housed in Cell Blocks G and H for ten months. (Doc. 2, p. 6, ¶ 21). The individual cell doors in both cell blocks did not lock. *Id*. Consequently, inmates roamed freely at night. *Id*.

Numerous inmates sustained serious injuries during late night fights. (Doc. 2, p. 6, ¶ 21). Plaintiff regularly had to defend himself and his belongings. *Id*. During one such incident, he was physically injured. *Id*.

Plaintiff complained about these conditions on numerous occasions. (Doc. 2, p. 6, ¶ 21). Officer Lazante received written complaints, and Sergeant Cook received verbal complaints. *Id*. Even so, they took no steps to address the unsafe conditions. *Id*.

**Discussion**

This severed case focuses on the following claim, which was designated as "Count 8" in the original action:

> **Count 8 -** Unconstitutional conditions of confinement claim against Officer Lazante and Sergeant Cook for subjecting Plaintiff to an unsafe environment for ten months, wherein the cell doors in Cell Blocks G and H failed to function and lock properly.

(*See* Doc. 1, p. 7; Doc. 2, p. 6, ¶ 21). The parties and the Court will continue to use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

The legal standard that governs this claim depends on Plaintiff's status as a pretrial detainee or prisoner during the ten-month period in question. Claims brought by pretrial detainees are governed by the Fourteenth Amendment, which entitles detainees to freedom from conditions that constitute punishment. *Davis v. Wessel*, 792 F.3d 793, 800 (7th Cir. 2015) (citing *Bell v. Wolfish*, 441 U.S. 520 (1979)). Claims brought by convicted prisoners are governed by the Eighth Amendment, which prohibits cruel and unusual punishment. *Id*.; *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The allegations regarding the conditions of confinement in Cell Blocks G and H state a claim against Officer Lazante and Sergeant Cook under both standards.

The more stringent standard set forth under the Eighth Amendment protects prisoners from cruel and unusual punishment. U.S. CONST., amend. VIII. Eighth Amendment protection extends to conditions of confinement that pose a substantial risk of serious harm to an inmate's health and safety. *See Farmer*, 511 U.S. at 834; *Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984 (7th Cir. 2012). When it comes to safety, "prison officials have a duty to protect inmates from violence at the hands of other inmates." *Farmer*, 511 U.S. at 833-34. All Eighth

Amendment claims have an objective and a subjective component. *Wilson v. Seiter*, 501 U.S. 294, 302 (1991); *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994).

The objective analysis turns on whether the conditions exceeded the contemporary bounds of decency of a mature civilized society. *Id*. Prison conditions that deprive inmates of basic human needs—such as food, medical care, sanitation, or physical safety—may violate constitutional norms. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981); *James v. Milwaukee Cnty*., 956 F.2d 696, 699 (7th Cir. 1992). Construed liberally, the allegations in the Complaint suggest that Plaintiff was deprived of safe living conditions in Cell Blocks G and H, where broken locks on cell doors allowed inmates to roam freely at night.

The subjective analysis focuses on each defendant's state of mind, which is deliberate indifference in the context of claims brought by prisoners under the Eighth Amendment. *Farmer*, 511 U.S. at 842. This standard is satisfied where a prison official acts or fails to act despite the official's knowledge of a substantial risk of serious harm. *Id*. The allegations in the Complaint also suggest that Officer Lazante and Sergeant Cook were both informed of the unsafe living conditions in Cell Blocks G and H, but failed to take any action to address the conditions. *See Walton v. Dawson*, 752 F.3d 1109 (8th Cir. 2014) (citations omitted) ("There is no sweeping constitutional rule that every cell in every prison must be locked as soon as the sun sets. Prison officials retain wide latitude to determine how best to protect detainees from the risk of a nighttime assault. . . . [But] [w]hat the officials could not do, without creating an unconstitutional safety risk, was nothing to assure the detainees "safe conditions" of confinement.").

Both components of the Eighth Amendment claim are satisfied against Officer Lazante and Sergeant Cook. It stands to reason that the allegations also state a claim under the less

4

stringent Fourteenth Amendment standard. Therefore, Count 8 survives screening and shall receive further review against both defendants.

## Disposition

**IT IS HEREBY ORDERED** that **COUNT 8** survives screening and is subject to further review against Defendants **OFFICER LAZANTE** and **SERGEANT COOK**.

With regard to **COUNT 1**, the Clerk of Court shall prepare for Defendants **OFFICER LAZANTE** and **SERGEANT COOK:** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Memorandum and Severance Order (Doc. 1), the Complaint (Doc. 2), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint (Doc. 2) and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a **United States Magistrate Judge** for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to a **United States Magistrate Judge** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 25, 2017**

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**United States District Judge**