# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANTRELL A. TEEN,

    Plaintiff,

v.

M. LAZANTE and SGT. COOK,

    Defendants.

Case No. 3:17-cv-00929-JPG-RJD

## MEMORANDUM AND ORDER

**J. PHIL GILBERT, DISTRICT JUDGE**

    This matter comes before the Court on the Report and Recommendation ("Report") (ECF No. 44) of Magistrate Judge Reona J. Daly with regard to the defendants' motion to dismiss for failure to exhaust administrative remedies (ECF No. 32). The Court may accept, reject, or modify—in whole or in part—the findings or recommendations of a magistrate judge in a report and recommendation. FED. R. CIV. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

    This is a relatively simple exhaustion issue. The record lacks any documentation that plaintiff Teen filed a "Captain's Request" in order to initiate the grievance process, so Magistrate Judge Daly held an evidentiary hearing on the matter pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008). Following the hearing, Magistrate Judge Daly found Teen's claim that he started the grievance process to be lacking in credibility given (1) the utter lack of documentation, which is curious given Teen's many other complaints do have the relevant papers, and (2) Teen's general lack of recollection on the matter. (*See generally* ECF No. 44.)

Teen filed an objection to Magistrate Judge Daly's Report (ECF No. 45), but the Court has reviewed the entire file *de novo* and finds that Teen's objections do not withstand scrutiny. First, he argues that the grievance process was unavailable to him pursuant to *Dole v. Chandler*, 348 F.3d 804, 809 (7th Cir. 2006)—namely because the "Captain's Complaints don't go anywhere and don't do anything"—but that claim is bellied by Teen's admission that he has successfully filed Captain's complaints and received some sort of resolution on them in the past. (*See* ECF Nos. 45, 32-7.) The Court is also dubious about Teen's claim given his status as a prolific litigator in this district out of the St. Clair County Jail, considering he appears to receive regular and prompt responses to his grievance filings. Teen also makes numerous arguments about Magistrate Judge Daly's credibility determinations, but the Court has reviewed the record *de novo* and finds that the magistrate judge's findings were correct. Accordingly, the Court:

- **ADOPTS** the Report in its entirety (ECF No. 44);
- **OVERRULES** Teen's objections (ECF No. 45);
- **GRANTS** the defendants' motion to dismiss (ECF No. 32);
- **DISMISSES** this case **WITHOUT PREJUDICE**; and
- **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: AUGUST 17, 2018**

s/ *J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**